## A. W. Grief, et al., *v.* McCracken County.

**Sale to Defeat Creditors—Pleading Against a Garnishee Defendant.**

Where a suit is brought to set aside a conveyance of real estate alleged to have been made to defraud a creditor, and the person receiving such conveyance is sued as garnishee as a regular defendant, the plaintiff must state a cause of action; and if the cause is that the garnishee defendant is indebted to plaintiff's debtor, the petition must set up the facts showing such indebtedness—a mere conclusion of law is not sufficient.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

February 9, 1877.

Opinion by Judge Elliott:

This action was brought by the appellee, originally to set aside some sales of realty purchased by Husbands, as agent of McCracken county, under execution, the property having been levied on and sold as the property of F. Grief, by virtue of an execution in favor of appellee, McCracken County, and against F. Grief and Calhoun. The original petition alleged that the legal title to some lots in Paducah that had belonged to F. Grief had, unknown to Husbands, been vested in his two sons, the appellants, and vested in them with the fraudulent intent to avoid the payment of the judgment of McCracken county against F. Grief. Appellants, A. W. Grief and J. V. Grief, answered and denied the fraud, but admitted that the legal title to the lots in dispute had been vested in them.

The appellee then filed two amended petitions, in which it set out with particularity what real estate F. Grief owned and has title to, and what he owned jointly with others, and asks that the former sales of the property be set aside; and at the close of the second amended petition the appellee makes the following allegations against appellants, to wit: "The plaintiff, McCracken County, avers that the defendants, A. W. and J. V. Grief, upon a full and fair settlement between them and their father, F. Grief, owe him at least $2,500 and for which plaintiffs pray judgment, and for other proper relief."

The Code provides that for legal cause a plaintiff can sue out an attachment against the property of a defendant, and also garnishee any person who may be indebted to the defendant in the suit, and the garnishee will be compelled to disclose the amount of his indebtedness to the defendant and to pay it into court; and the plaintiff is authorized, if dissatisfied with the disclosures of the garnishee, to institute suit against him and test the amount of his indebtedness to the party attached by regular pleadings and proofs.

But the plaintiff may, in the first instance, make the garnishee a party and sue him jointly with the debtor; but if he pursue the latter course and makes the garnishee a regular defendant, he must set out a cause of action against him in his petition. If the cause of action is that the garnishee is indebted to the party alleged to be the plaintiff's debtor, the petition must set up how and for what he is so indebted. In other words, the plaintiff, when he brings his suit against the garnishee, must set out the facts constituting his cause of action, and not a mere conclusion of law. This the appellee has failed to do in this case. The plaintiff avers that on a full and fair settlement between appellants and his debtor, F. Grief, they owe him $2,500.

The plaintiff does not state that there has ever been any settlement between appellants and F. Grief and balance struck, nor does the petition show for what appellants would owe such balance on settlement. We are of opinion that the appellee in its pleadings should have averred such facts as showed that appellants were indebted to F. Grief, and that said indebtedness was founded upon a sufficient consideration, and, on failure to pay, that F. Grief could have coerced payment by his action. We are of opinion that the mere statement that on full and fair settlement appellants will owe F. Grief $2,500 is only a conclusion of law, and insufficient to uphold in this cause.

Wherefore the judgment against appellants is *reversed,* with directions to permit the appellees to amend their pleadings, should they offer to do so in a reasonable time, otherwise to dismiss this suit, and for further proceedings consistent with this opinion.

Judge Cofer dissents from this opinion.

*Bigger & Reid, P. D. Yeiser, for appellants*
*L. D. Husbands, for appellee.*